HEARD, Judge.
This is an action for damages arising out of a rear-end bus-car collision. Plaintiffs are Johnny Lovett, driver and owner of a 1964 Oldsmobile, Johnnie Dunwar, a guest passenger in the Lovett vehicle, and Joe P. Dunwar, her husband as head and master of the community. Made defendants are James W. Mericle, driver of the bus, Shreveport Transit Company, Inc., his employer, and Liberty Mutual Insurance Company, its liability insurer.
The accident occurred about 4:30 P.M. July 10, 1971, on Texas Street in downtown Shreveport. Texas Street is an eight lane thoroughfare with six lanes for traf- *724 fie and two parking lanes running east-west. Until the accident both the car and the bus were traveling in a westerly direction with the car in the outside lane of the three traffic lanes, and the bus in the center lane. The bus was attempting to get into the outside lane to reach the bus stop located in that block and collided with the stopped Lovett vehicle. Plaintiffs claim Lovett had stopped his car at the bus stop to discharge a passenger, and his car was struck after the passenger alighted. Defendants allege that Lovett’s car stopped suddenly.
Judgment was rendered in favor of Mr. and Mrs. Dunwar against defendants in so-lido, for $137.12 and $1,500 respectively plus interest and cost. Lovett’s claims were rejected upon a finding that he was contributorily negligent, and judgment was rendered against him in favor of defendants in an amount equal to one-half the total sum awarded the Dunwars. Defendants fully satisfied the judgment against the Dunwars, and only Lovett appealed. We affirm the trial court’s judgment.
Plaintiff specifies as error the finding that he was guilty of any negligence, and assuming, arguendo, that he was, the driver of the bus had the last clear chance to avoid the accident.
The evidence presented by both sides is in direct conflict. Lovett and his witnesses, Mrs. Dunwar, Arnold Redd, guest passengers, and Joe Morris, alleged guest passenger, testified that upon reaching downtown, Mrs. Dunwar got out of the car to pick up a package. Lovett then drove around several blocks and came back down Texas Street and picked her up a block or two before the accident. Upon reaching the area of the last bus stop on Texas, Morris allegedly asked to be let out as he had seen a girl he knew. Lovett allegedly stopped, let Morris out from the back seat, and just before he pulled off, his car was struck by the bus. Morris stated he quickly left the area and knew nothing about the accident until later.
In contrast, Mericle, driver of the bus, and other defense witnesses, passengers and another bus driver following Mericle’s bus, told of Lovett’s intentional blocking of the bus in its attempts to reach its designated stops by remaining and stopping in the outside lane. Between stops Lovett placed his vehicle so as to prevent the bus from either passing him or getting behind him. Their initial encounter occurred at the bus stop between Market and Edwards Streets with the bus in the center lane and the car in the outside lane. Upon reaching the next stop, the vehicles stopped again in the same position. Words were exchanged between Lovett, who began to get out of his car, and the bus driver, who asked him, “Why don’t you get that car out of the way?” The two vehicles continued up Texas in this manner. Johnny Dunwar got in the car at the third stop. Continuing as they had previously past the fourth stop, the bus slowed down and got far enough behind the car to pull in behind it as they approached the last stop. Lovett stopped suddenly and the accident ensued. None of the defendants’ witnesses saw Joe Morris get out of the car, and there was also testimony that originally there were only two men in the car who were later joined by the woman.
The trial judge had to decide between these two versions and chose to reject the testimony of plaintiff Lovett and his witnesses as to what actually happened. He heard the witnesses testify and saw their demeanor on the stand. The evidence is more than sufficient to support the conclusion that Lovett’s vehicle had not been stopped long enough to discharge a passenger before it was struck. None of the defense witnesses saw a third man in the car nor anyone alight from it. The witness Morris, who allegedly got out of the car, was unsure of the time he was picked up' and got out and stated he left the car quickly and didn’t hear or see the accident. It is possible that he may have been in the car and got out some time prior to the accident, but his presence *725 there at the time he and the other witnesses allege is doubtful.
The evidence as to Lovett’s actions in keeping pace with the bus, refusing to allow it to reach bus stops at block after block, and the verbal exchange between the drivers, conveys a definite intent by Lovett to harrass the bus driver. It is reasonable to conclude that Lovett was again attempting to prevent the bus from reaching the stop when he suddently stopped his automobile. This action was a proximate cause of the accident and bars his recovery. With this finding, plaintiff’s allegation that the bus driver had the last clear chance is without merit.
For the reasons stated the judgment of the trial court is affirmed at appellant’s cost.